# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-5036                                          September Term, 2022

FILED ON: APRIL 28, 2023

FRIENDS OF THE EARTH, ET AL.,
    APPELLEES

v.

DEBRA A. HAALAND, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE INTERIOR, ET AL.,
    APPELLEES
    AMERICAN PETROLEUM INSTITUTE,
    APPELLANT

---

Consolidated with 22-5037

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02317-RC)

Before: SRINIVASAN and WALKER, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## J U D G M E N T

We considered this appeal on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). After considering the issues, we have determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED AND ADJUDGED** that the district court's January 27, 2022 order be **VACATED** and the case **REMANDED** with instructions to dismiss the case as moot.

\* \* \*

The federal judicial power extends only to "Cases" and "Controversies." U.S. Const. art. III,

1

§ 2. That means we can decide a case only if the plaintiff was injured by the defendant and seeks relief from the court that is likely to redress that injury. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). At any point during a lawsuit, we must dismiss a case as moot if "intervening events make it impossible to grant the prevailing party effective relief." *Burlington North Railroad Co. v. Surface Transportation Board*, 75 F.3d 685, 688 (D.C. Cir. 1996).

I

Here, the controversy arose after the Bureau of Ocean and Energy Management auctioned leases to extract resources from federal waters in the Gulf of Mexico. JA 679. Environmental groups challenged that sale — Lease Sale 257.

Those groups were initially successful. The district court vacated the Bureau's "Record of Decision" to conduct Lease Sale 257. *Friends of the Earth v. Haaland*, 583 F. Supp. 3d 113, 162 (D.D.C. 2022). It concluded that the Bureau failed to properly follow procedures required by the National Environmental Policy Act. *Id.* at 158.

Interested third parties intervened and appealed that decision to us. But shortly afterwards, President Biden signed into law the Inflation Reduction Act. Pub. L. No. 117-169. Among other things, it required issuance of the leases won in Lease Sale 257. *See id.* § 50264(b).

To be precise, the Act first instructs the Secretary of the Interior — who oversees the Bureau — to "accept the highest valid bid for each tract or bidding unit of Lease Sale 257 . . . and . . . provide the appropriate lease form to the winning bidder" within 30 days of the Act's enactment. *Id.* §§ 50264(b)(1), 50264(b)(1)(A), 50264(b)(1)(B). After then receiving an executed lease form and payment from the highest bidder, the Secretary must "promptly issue to the high bidder a fully executed lease." *Id.* § 50264(b)(2).

As a result of those instructions, this case is moot. Even if we agreed with the environmental groups that the sale failed to comply with the National Environmental Policy Act, the result will be the same: The highest bidders will receive their leases. So it is "impossible" for this court "to grant the prevailing party effective relief." *Burlington*, 75 F.3d at 688.

II

The environmental groups present three arguments that there is a live controversy. None is persuasive.

First, they contend that the Act merely tells the Department to issue the leases only if we overrule the district court and hold the lease sale valid. Pl's Opp. to Mot. Dismiss 6-7. But no conditional language indicating as much appears in the Act's terms, which unconditionally require the Department to accept high valid bids, provide lease forms, and promptly issue leases. *See* Pub. L. No. 117-169, §§ 50264(b)(1)-(2). And the plaintiffs' argument is belied by the fact that

Congress gave the Department 30 days after the Act was passed to accept bids and provide lease forms.  *Id.* § 50264(b)(1).  Similarly, the Act requires the leases to be issued "promptly" upon return of the forms — far before a decision would be expected in this case.  *Id.* § 50264(b)(2).

Second, the environmental groups argue that the district court could modify its remedy and vacate the leases if we agree that the Bureau did not follow the procedures that NEPA requires.  Pl's Opp. to Mot. Dismiss 8-10.  But the leases are now being issued pursuant to the Inflation Reduction Act, so the challenged agency action is no longer the basis for the issuance of the leases.  And by placing a nondiscretionary obligation on the Department to issue the leases, the Inflation Reduction Act makes clear that the issuance of the leases is no longer subject to NEPA.  *See* Pub. L. No. 117-169 § 50264(b) (providing that the Secretary "shall" provide lease forms to the highest bidder, and "shall promptly issue . . . a fully executed lease" after the forms are returned); *see also* 40 C.F.R. § 1508.1(q)(1)(ii) ("Major Federal action does not include the following activities or decisions: . . . Activities or decisions that are non-discretionary and made in accordance with the agency's statutory authority").[1]

Finally, contrary to the environmental groups' contention, the Inflation Reduction Act does not intrude on the independence of the judiciary.  *See* Pl's Opp. to Mot. Dismiss 16 (relying on *United States v. Klein*, 80 U.S. 128 (1871)).  The Act does not usurp the judiciary's "power to interpret and apply the law to the circumstances before it" by "compel[ling] findings or results under old law."  *Patchak v. Zinke*, 138 S. Ct. 897, 905 (2018) (cleaned up).  That's because Congress does not impermissibly exercise the judicial power when it validly enacts "outcome-altering legislation in pending civil cases."  *Bank Markazi v. Peterson*, 578 U.S. 212, 229 (2016).

III

When a legislative act moots a case, it is the "established practice" of the federal courts to vacate the district court's decision and remand with instructions to dismiss.  *See United States v. Microsoft Corp.*, 138 S. Ct. 1186, 1188 (2018) (instructing the Second Circuit to vacate the district court's decision and remand with instructions to dismiss when case was rendered moot by intervening legislation); *American Bar Association v. FTC*, 636 F.3d 641, 644 (D.C. Cir. 2011).

We therefore **VACATE** the district court's January 27, 2022 order and **REMAND** with instructions to dismiss the case as moot.

\* \* \*

This disposition is unpublished.  *See* D.C. Cir. R. 36(d).  We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing.

---

[1] Contrary to the environmental groups' assertion, reading the Inflation Reduction Act to create a nondiscretionary statutory obligation does not implicitly repeal NEPA.  *See* Pl's Opp. to Mot. Dismiss 11.  It merely interprets the Inflation Reduction Act to require an action that is outside NEPA's scope.

*See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

BY:   /s/
        Daniel J. Reidy
        Deputy Clerk