ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

FRIENDS OF THE EARTH, *et al.*,

      Plaintiffs-Appellees,

    v.

DEBRA A. HAALAND, in her official capacity as Secretary of the Interior, *et al.*,

      Defendants-Appellees,

AMERICAN PETROLEUM INSTITUTE and STATE OF LOUISIANA,

      Intervenors-Defendants-Appellants.

Nos.  22-5036, 22-5037
(consolidated)

**AMERICAN PETROLEUM INSTITUTE AND LOUISIANA'S MOTION
TO DISMISS AS MOOT AND VACATE AND MOTION FOR LEAVE TO
FILE**

The American Petroleum Institute (API) and Louisiana move to dismiss

these appeals as moot; vacate the District Court's judgment and decision because

intervening events have precluded this Court's review; and remand with directions

to dismiss Plaintiffs' case.  API and Louisiana also move for leave to file this

motion because the grounds for mootness arise 45 days after docketing.  *See D.C.*

*Circuit Handbook of Internal Practice & Procedure* 28 (Mar. 26, 2021).

This case is about the Department of the Interior's Lease Sale 257, one of Interior's periodic sales of oil-and-gas leases in the Gulf of Mexico. After conducting an environmental review under the National Environmental Policy Act (NEPA), Interior issued a Record of Decision exercising its discretion to move ahead with the sale. Plaintiffs sued. Although it rejected most of Plaintiffs' claims, the District Court concluded a portion of Interior's climate analysis did not satisfy NEPA's procedural requirements and vacated Interior's Record of Decision. The District Court's vacatur of the Record of Decision meant that, although Interior had already held Lease Sale 257, it could not issue leases to the sale's high bidders. API and Louisiana appealed.

After API and Louisiana filed their opening briefs, Congress passed the Inflation Reduction Act of 2022, Pub. Law No. 117-169, ordering Interior "without modification or delay" to accept the high bids from Lease Sale 257 and to issue lease forms for winning bidders to execute. Interior has followed that command, and the case is now moot. NEPA is a procedural statute only; when Congress directs an agency to take a specific action, NEPA does not apply. And the Inflation Reduction Act is targeted and decisive; any statute that would prevent Interior from completing Lease Sale 257 must give way to the Act's specific commands.

The Court should also vacate the District Court's judgment and opinion. The case became moot because of the Inflation Reduction Act, not anything API or Louisiana did, and neither they nor subsequent litigants should operate under the persuasive effect of a district court decision they were never able to have this Court review.

We have conferred with the parties. Plaintiffs oppose; Interior consents.

## BACKGROUND

Congress passed the Outer Continental Shelf Lands Act of 1953, 43 U.S.C. §§ 1301-1356, to "expedite exploration and development of the Outer Continental Shelf in order to achieve national economic and energy policy goals, assure national security, reduce dependence on foreign sources, and maintain a favorable balance of payments in world trade." *Id.* § 1802(1). Congress directed Interior to "make Outer Continental Shelf resources available to meet the Nation's energy needs as rapidly as possible." *Id.* § 1802(2)(A).

Interior meets these goals by periodically offering Outer Continental Shelf oil-and-gas leases for sale at sealed-bid auctions to the "highest responsible qualified bidder." 43 U.S.C. § 1337(a)(1). In November 2020, Interior published a proposed notice of sale for Lease Sale 257, a sale of oil-and-gas leases on the Outer Continental Shelf in the Gulf of Mexico. 85 Fed. Reg. 73,508 (Nov. 18, 2020). Three months later, Interior issued a Record of Decision reflecting its

decision to hold Lease Sale 257.  API Br. 7.  The Record of Decision incorporated

certain environmental impact statements Interior had prepared to comply with its

NEPA obligations for Gulf of Mexico oil-and-gas lease sales generally and Lease

Sale 257 specifically.  API Br. 7-8.

Plaintiffs sued, contending that Interior's NEPA analysis of Lease Sale 257's

potential climate impacts was insufficient.  While the case was pending, and after

the District Court granted Plaintiffs' request for expedited review (D. Ct. Dkt. No.

24), Interior on November 17, 2021, held Lease Sale 257, unsealing and publicly

announcing the 317 submitted bids.  *See* Lease Sale 257, U.S. Dep't of Interior,

Bureau of Ocean Energy Mgmt., https://tinyurl.com/yc34mjw8 (last visited

September 12, 2022). Thirty-three companies bid over $198 million for 308 tracts

covering 1.7 million acres in Gulf of Mexico federal waters. *See* Press Release,

U.S. Dep't of Interior, Bureau of Ocean Energy Mgmt., Gulf of Mexico Lease Sale

Results Announced (Nov. 17, 2021), https://tinyurl.com/54wknxkc.

The District Court subsequently vacated Interior's Record of Decision and

Lease Sale 257 and remanded to Interior.  D. Ct. Op. 67-68.  The District Court

held that Interior violated NEPA in failing to quantify Lease Sale 257's effect on

foreign greenhouse emissions and, therefore, had failed "to consider an important

aspect of the problem it had . . . identified." *Id.* at 31 (citation omitted).

API and Louisiana appealed.  After API and Louisiana filed their opening briefs, Congress enacted the Inflation Reduction Act.  The Act's § 50264(b), entitled "Lease Sale 257 Reinstatement," addresses Lease Sale 257.  Section 50264(b)(1) provides that "[n]o later [than] 30 days after the date of enactment of this Act, [Interior] shall, without modification or delay . . . accept the highest valid bid for each tract or bidding unit of Lease Sale 257 for which a valid bid was received on November 17, 2021; and . . . provide the appropriate lease form to the winning bidder to execute and return."  Once the bidder returns the executed lease form and makes certain required payments, the statute further commands that Interior "shall promptly issue to the high bidder a fully executed lease, in accordance with . . . the regulations in effect on the date of Lease Sale 257; and . . . the terms and conditions of the final notice of sale" for Lease Sale 257 previously published in the *Federal Register*.  *Id.* § 50264(b)(2).  The Inflation Reduction Act thus directs Interior to complete Lease Sale 257.

Following the Act's passage, the parties consented to extending the briefing schedule to discuss the law's impact on the appeals, but they were unable to reach an agreement.  Two days ago Interior accepted the valid Lease Sale 257 high bids and sent the appropriate lease forms to the winning bidders to execute and return. *See* Bureau of Ocean Energy Management, *In Compliance With IRA, BOEM Reinstates Lease Sale 257 Bids* (Sept. 14, 2022),

https://www.boem.gov/newsroom/press-releases/compliance-ira-boem-reinstates-

lease-sale-257-bids.

## ARGUMENT

I.     **THE INFLATION REDUCTION ACT HAS RENDERED THESE APPEALS AND PLAINTIFFS' CASE MOOT.**

"Article III confines federal courts to the resolution of actual cases or

controversies, and thus prevents their passing on moot questions—ones where

intervening events make it impossible to grant the prevailing party effective relief."

*Burlington N. R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996).

As this Court has explained, "[i]t is well established that a case must be dismissed

as moot if new legislation addressing the matter in dispute is enacted while the

case is still pending." *American Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir.

2011); *see also Department of Treasury v. Galioto*, 477 U.S. 556, 559-560 (2011)

(where intervening legislation "alters the posture" of a pending case, "it is the duty

of the appellate court" to vacate the district court's judgment and dismiss the case

as moot).

These principles apply here. Now that the Inflation Reduction Act has

directed Interior to complete Lease Sale 257 "without modification or delay," there

is no effectual relief that Plaintiffs could obtain from the District Court or this

Court. Nor is there a live controversy with respect to the disputed question of

whether Interior's Record of Decision and Lease Sale 257 in 2021 complied with NEPA.

"NEPA is a purely procedural statute that 'does not mandate particular results, but simply prescribes the necessary processes.'" *Oglala Sioux Tribe v. U.S. Nuclear Regulatory Comm'n*, 45 F.4th 291, 299 (D.C. Cir. 2022) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989)).  NEPA thus incorporates a "'rule of reason,' which ensures that agencies determine whether and what extent to prepare an [environmental analysis] based on the usefulness of any new potential information to the decisionmaking process." *Department of Transp. v. Public Citizen*, 541 U.S. 752, 768 (2004).  "Where the preparation of an [environmental analysis] would serve 'no purpose' in light of NEPA's regulatory scheme as a whole, no rule of reason worthy of that title would require an agency to prepare" the analysis.  *Id.* (citation omitted).

Put to practice, when an agency has "no ability" to prevent the federal action that the challenger complains of, NEPA does not require the agency to conduct an environmental analysis of the action because the agency would "simply lack[ ] the power to act on whatever information might be contained in the" analysis.  *Id.*  Or, as this Court has put it, "[a]n agency has no obligation to gather or consider environmental information if it has no statutory authority to act on that

information." *Sierra Club v. FERC*, 867 F.3d 1357, 1373 (D.C. Cir. 2017) (emphasis omitted).

The Inflation Reduction Act removes any previous statutory authority Interior had to decline to proceed with Lease Sale 257 on environmental-impact grounds or attach novel environmental conditions to Lease Sale 257 leases.  Under the Act, Interior was required to issue the lease forms to high bidders "without modification or delay" and to "promptly" issue leases after receiving the executed forms and required payments from high bidders.  Inflation Reduction Act § 50264(b).  With passage of the Inflation Reduction Act, Interior has moved from a policymaking role with respect to Lease Sale 257 to a ministerial role; its job now is to issue the lease forms, collect the executed forms and required payments, and issue the leases.  It is accordingly beside the point whether Interior conducts a NEPA review of the leases' environmental impacts; Interior has no authority to stop the sale or modify the leases.

What is true of NEPA is true of every statutory theory that Plaintiffs might try to interpose between the Lease Sale 257 high bidders and their Congressionally mandated leases.  Under the Inflation Reduction Act, Interior is to complete the Lease Sale 257 process that was interrupted by the District Court's vacatur.  Any other statute that could prevent Interior from carrying out its nondiscretionary duty to complete Lease Sale 257 falls away in the face of § 50264's specific command;

§ 50264(b) is entitled "Reinstatement of Lease Sale 257." *See Sierra Club v. EPA*, 21 F.4th 815, 821 (D.C. Cir. 2021) (it is a "basic principle of statutory construction that a specific statute . . . controls over a general provision") (citation and internal quotation marks omitted and ellipses in original); *see also Public Citizen*, 541 U.S. at 766 (when it is "impossible" for an agency to comply with two statutes, "the later enacted provision . . . would quite possibly win out"). Plaintiffs' case, and the appeals arising from it, are moot and should be dismissed. *See Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1085 (D.C. Cir. 2017) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed as moot.") (internal quotation marks and citation omitted).

## II. THE COURT SHOULD VACATE THE DISTRICT COURT'S JUDGMENT AND OPINION.

The Court should also vacate the District Court's judgment and opinion. "Vacatur must be decreed for those judgments whose review is . . . 'prevented through happenstance'—that is to say, where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.' " *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) (quoting *Karcher v. May*, 484 U.S. 72, 82 (1987)). "Otherwise, the party who lost in the district court, who cannot gain direct review on appeal because of mootness, might be precluded from relitigating the issues in a future proceeding." *Columbian Rope*

9

*Co. v. West*, 142 F.3d 1313, 1318 (D.C. Cir. 1998). After all, "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstances, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp.*, 513 U.S. at 25. Vacatur prevents the District Court's judgment and opinion " 'from spawning any legal consequences,' irrespective of whether such consequences are imminent or 'remote.' " *Loughlin v. United States*, 393 F.3d 155, 171 (D.C. Cir. 2004) (quoting *American Fam. Life Assurance Co. v. FCC*, 129 F.3d 625, 631 (D.C. Cir. 1997)).

The Court can withhold vacatur in a moot case when the party appealing is "responsible for the circumstances that render the case moot." *United States v. Garde*, 848 F.2d 1307, 1311 (D.C. Cir. 1988); *see also U.S. Bancorp*, 513 U.S. at 26. But neither API nor Louisiana was responsible for the Inflation Reduction Act. Moreover, although Interior is not an appellant, this Court holds that federal agencies are not responsible for intervening acts of Congress that moot a case. *See American Bar Ass'n*, 636 F.3d at 649; *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 351-354 (D.C. Cir. 1997). Without any party legally responsible for passage of the Inflation Reduction Act, vacatur of the District Court's judgment and opinion is "[t]he established practice . . . in the federal system." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)); *see also*

10

*Columbian Rope*, 142 F.3d at 1317 ("When a case has become moot during the pendency of appeal 'due to circumstances unattributable to any of the parties,' the standard practice is to vacate the decision of the district court.") (quoting *U.S. Bancorp.*, 513 U.S. at 23).

## CONCLUSION

For the foregoing reasons, the Court should grant leave to file this motion; dismiss the appeals as moot; vacate the District Court's judgment and opinion; and remand with instructions to dismiss the case.

Respectfully submitted,

/s/ Catherine E. Stetson

JEFF LANDRY
  ATTORNEY GENERAL
ELIZABETH B. MURRILL
  Solicitor General
/s/ Joseph S. St. John
JOSEPH S. ST. JOHN
  Deputy Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street
Baton Rouge, Louisiana 70804
(225) 326-6766
murrille@ag.louisiana.gov

CATHERINE E. STETSON
SEAN MAROTTA
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-5600
cate.stetson@hoganlovells.com

TYLER R. GREEN
JEFFREY S. HETZEL
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, Utah 84101
(703) 243-9423

JONATHAN A. HUNTER
SARAH Y. DICHARRY
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
(504) 582-8000
jhunter@joneswalker.com

*Counsel for American Petroleum Institute*

*Counsel for Louisiana*

## CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limits of Fed. R. App.

P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R.

App. P. 32(f), this document contains 2,258 words.

2.     This document complies with the typeface requirements of Fed. R.

App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6)

because this document has been prepared in a proportionally spaced typeface using

Microsoft Word 2010 in 14-point Times New Roman.

/s/ Catherine E. Stetson

## CERTIFICATE OF SERVICE

I certify that on September 16, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Catherine E. Stetson